UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL FELARISE AND PENNY FELARISE | CIVIL ACTION |
| VERSUS | NO: 09-6355 |
| CHERAMIE MARINE, L.L.C. | SECTION: "S" (3) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Defendant Cheramie Marine, L.L.C.'s Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. #3) is **DENIED**.

## BACKGROUND

Plaintiffs, Michael and Penny Felarise, filed this action seeking damages for injuries allegedly sustained by Michael Felarise as a result of a boating accident. Plaintiffs allege that on or about January 25, 2009, Michael Felarise was operating his outboard crabbing boat in Bayou Lafourche, Louisiana, when the M/V MS FLO, a vessel owned and operated by defendant Cheramie Marine, L.L.C., speeded by causing excessive wake. Plaintiffs allege that as a result of defendant's negligence, Michael Felarise suffered total and permanent disability, grievous physical and mental anguish, loss of bodily function, and embarrassment. Plaintiffs also allege that Penny Felarise is

entitled to recover for loss of consortium. Plaintiffs filed the petition pursuant to 28 U.S.C. §1916, which permits seamen to file suit without prepayment of costs.

Defendant filed this motion to dismiss arguing that because Michael Felarise alleges he is a seaman, pursuant to <u>Miles v. Apex Marine, Inc.</u>, 111 S.Ct. 317 (1990) and its progeny, his spouse is not entitled to recover non-pecuniary damages. In response to defendant's motion, plaintiffs filed an amended complaint in which they removed the reference to 28 U.S.C. §1916, and clarifying that Michael Felarise is not a seaman, and is filing suit under the general maritime law. Plaintiffs argue that <u>Miles</u> does not bar spouses of non-seaman from recovering non-pecuniary damages.

## ANALYSIS

**1.    Legal Standard**

Rule 12(b)(6) permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, enough facts to state a claim for relief that is plausible on its face must be pleaded. <u>In re Katrina Canal Breaches Litigation</u>, 495 F.3d 191, 205 (5th Cir. 2007) (quoting <u>Bell Atl. v. Twombly</u>, 127 S.Ct. 1955, 1964-65 & 1973 n. 14 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." <u>Bell Atl.</u>, 127 S.Ct. at 1965.

**2.      Non-Pecuniary Damages**

The issue before the court is whether the spouse of a non-seafarer can recover non-pecuniary damages in a personal injury action for injuries sustained in state territorial waters.[1]

In Miles, the Supreme Court noted that non-pecuniary losses were not recoverable in a general maritime law action against a seaman's employer for the seaman's wrongful death, because such recovery would be inconsistent with damages recoverable under the Death on the High Seas Act, 46 U.S.C. §761, *et seq.*, or the Jones Act, 46 U.S.C. §688, *et seq.* Miles, 111 S.Ct. at 325. Aiming at a uniformity of recoverable damages when a seaman sues his employer under the Jones Act, the Miles Court held that non-pecuniary damages could not be recovered in a general maritime law unseaworthiness action against the employer. Id. at 326.

However, in Yamaha Motor Corp, U.S.A. v. Calhoun, 116 S.Ct. 619, 629 (1996), the Supreme Court permitted a non-seafarer's survivors to recover non-pecuniary damages through state law supplementation of the general maritime law. In Yamaha, a twelve-year-old vacationer was killed in Puerto Rican territorial waters when she slammed her personal water-craft into an anchored vessel. Id. at 622. The decedent's parents pleaded the Pennsylvania wrongful death and survival statutes, and the Supreme Court held that damages for the decedent's death were governed by state law. Id. at 628. The Court found that when "Congress has prescribed a comprehensive tort recovery regime to be uniformly applied, there is, we have generally recognized, no cause for enlargement of the damages statutorily provided," such as in the case of Jones Act seamen. Id. However,

---

[1] A state's "territorial waters" are those within three miles of the coastline. 43 U.S.C. §1312. Bayou Lafourche is within Louisiana, and thus the accident occurred in Louisiana territorial waters.

regarding non-seafarers, people who are not seamen, longshoremen, or otherwise engaged in a maritime trade, Congress has not prescribed remedies for their wrongful deaths in territorial waters. Id. at 621-22, 628. As a result, the Court concluded that state law may supplement the general maritime law in cases involving the deaths of non-seafarers in territorial waters. Id. at 628.

In this case, Penny Felarise seeks non-pecuniary damages for her husband's injuries that occurred while he was engaged in recreation in state territorial waters. The only distinction between the facts of Yamaha and this case, is that the injured person in Yamaha died, whereas Michael Felarise did not.

In Kelly v. Bass Enter. Prod. Co., 17 F.Supp.2d 591 (E.D. La. 1998), the spouse of a non-fatally injured non-seafarer brought claims for loss of consortium for the injuries her spouse sustained in state territorial waters. In holding that Ms. Kelly could bring her loss of consortium claims under Louisiana law, the court stated that "[a] fair reading of [Yamaha] reveals that the state statutory law applies to nonseafarers injured in state territorial water regardless of whether the injury was fatal or non-fatal" and that "[n]either logic nor maritime history supports restricting Yamaha to only fatal injury claims." Id. at 599. The court further noted that extending the application of Yamaha to non-death cases is consistent with Miles and its progeny, because the holding of Miles, a death case, is generally extended to cases involving non-fatal injuries. Id.

Additionally, in Liner v. Dravo Basic Materials Co., 2000 WL 1693678 (E.D. La. 11/7/00), the court held that pursuant to Yamaha the wife of a recreational fisherman injured in state territorial waters could bring loss of consortium claims under Louisiana law. In so holding, the court stated that "Yamaha stands for the proposition that nonseamen, those not covered by Congressional statute,

4

pursuing a claim resulting from an accident in state territorial waters, may supplement that claim under general maritime law." Id. at *2. The court also stated that nothing in Yamaha indicates that there should be a distinction between fatal and non-fatal injuries to non-seafarers that occur in territorial waters for the recoverability of non-pecuniary damages. Id.

Here, the spouse of a non-seafarer who was injured in state territorial waters seeks pecuniary damages. Congress has not enacted a statute to address the specific situation of non-seafarers who sustain personal injuries in state territorial waters, thus under Yamaha, state law may supplement the general maritime law for the recovery of non-pecuniary damages. As a result, defendant's motion to dismiss is denied.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Cheramie Marine, L.L.C.'s Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. #3) is **DENIED**.

New Orleans, Louisiana, this 26th day of January, 2010.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**